BOYD, Justice.
We here review by certiorari a decision of the Industrial Relations Commission. We have jurisdiction under Article V, Section 3(b)(3), Florida Constitution.
Claimant Smith suffered a right inguinal hernia and a lumbosacral sprain from the same accident. Temporary total disability benefits were paid beginning July 30, 1974. On August 13, 1974 hernia surgery was performed. The carrier continued to pay temporary total disability benefits until December 17, 1974, well beyond six weeks after the hernia surgery.
Claimant sought payment of an additional six weeks of compensation relying on Section 440.15(6)(f), Florida Statutes, which provides:
“Compensation shall be paid for a period of six weeks from the date of the [hernia] operation.”
Despite the fact that for more than six weeks following the hernia surgery claimant was receiving temporary total disability benefits for the back injury, the Judge of Industrial Claims awarded the hernia compensation benefits. The Industrial Relations Commission affirmed by short form order with Commissioner Friday dissenting.
Commissioner Friday stated in his dissent that if claimant was allowed to receive the benefits of Section 440.15(6)(f), Florida Statutes, in addition to temporary disability benefits for his back injury, the question of when the former benefits should be paid would arise. He declined to reach this “vexatious” question because he did not think claimant should be entitled to recovery of both benefits.
We agree with Commissioner Friday. Claimant should not be entitled to multiple recovery.
The decision of the Industrial Relations Commission is reversed and the cause remanded for proceedings consistent with this opinion.
It is so ordered.
OVERTON, C. J., and SUNDBERG, J., concur.
ENGLAND, J., concurs with an opinion.
ROBERTS and ADKINS, JJ., dissent.